**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome M. Pendell, Jr., ) | No. CIV 06-2132-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Michaels Stores, Inc., a Delaware ) corporation; Fred Uhe and Jane Doe Uhe, ) | |
| Defendants. ) | |

Plaintiff Jerome Pendell, Jr., ("Plaintiff") has filed a complaint against his former employer Michaels Stores, Inc., a Delaware corporation, and manager Fred Uhe, (collectively "Defendants"), asserting employment discrimination and defamation. Defendants have filed a motion to dismiss asserting that Plaintiff fails to state a claim against Defendant Uhe with respect to the discrimination claims, and against both Defendants with respect to certain aspects of the defamation claim. (Dkt. #1-2). After reviewing the pleadings, the Court issues the following order.

**I. Factual and Procedural Background**

On April 11, 2006, Plaintiff filed a complaint against Defendants Michaels and Uhe in the Superior Court of the State of Arizona in and for the County of Maricopa. (Dkt. #1). In his complaint, Plaintiff asserted employment discrimination claims against Michaels and Uhe under the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C.A § 12101 et seq., and

1  the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.A §621 et seq. (Id.).
2  Plaintiff also asserted a claim of defamation against the Defendants. (Id. ¶¶35, 40). The first
3  aspect of the defamation claim is based upon Plaintiff being compelled to self-publish
4  defamatory statements to third parties. (Id. ¶¶20, 37). The second aspect of the defamation
5  claim, that Defendants defamed Plaintiff to third parties, is not at issue in the Defendants'
6  Motion to Dismiss. (Id. ¶¶19, 35). Lastly, Plaintiff asserted a claim of intentional
7  interference with the employment relationship against Defendant Uhe, which is also not at
8  issue in Defendants' Motion to Dismiss. (Id. ¶41).

9  These claims arise from Plaintiff's employment with Michaels from June 11, 2001 until
10 his discharge on January 10, 2005. (Id. ¶8). Plaintiff claims that he has always performed
11 his duties with high distinction and loyalty, receiving periodic commendations and merit
12 increases. (Id. ¶10). In September 2002, while Plaintiff was the Assistant Store Manager,
13 the Store Manager hired Plaintiff's step-daughter. (Id. ¶11). Plaintiff asserts that he alerted
14 his manager of the family relationship and that he was assured by the Store Manager that her
15 hiring had been approved. (Id. ¶11).

16 Plaintiff states he is 54 years old and suffers from a substantial lung problem that limits
17 his breathing capacity. (Id. ¶9). In December 2005, Plaintiff informed Defendant Uhe, the
18 District Manager, of his diagnosed lung condition and the possibility that he may be
19 permanently disabled. (Id. ¶12). On January 5, 2005, Uhe informed Plaintiff that he had
20 received an anonymous complaint that Plaintiff was "hard" on subordinates and that
21 Plaintiff's "daughter" worked in the store. (Id. ¶13). At that meeting, Plaintiff informed Uhe
22 that his daughter did not work in the store. (Id.) On January 7, 2005, Plaintiff again informed
23 Uhe that his daughter was not working in the store and that it was his step-daughter that had
24 been employed by Michaels. (Id. ¶14).

25 On January 10, Defendant Uhe allegedly terminated Plaintiff's employment with Michaels
26 on the basis that Plaintiff violated Michaels' anti-nepotism policy and that he "violated the
27 company's code of conduct governing honesty and integrity" (Id. ¶15). Plaintiff claims that
28 the stated reasons for termination were meant to conceal the fact that he was terminated

because of his age and disability. (Id.). Plaintiff also asserts that Defendants referred to him as dishonest and lacking integrity and that Defendants have repeated these statements to others. (Id. ¶18-19). Plaintiff claims that he has been "compelled by circumstances to repeat Defendants' defamatory words to third persons." (Id. ¶20).

On September 6, 2006, this case was removed from the Superior Court. (Dkt. #1). Defendants moved to dismiss the self-publication portion of the defamation claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Dkt. #5). Defendant Uhe also moved to dismiss the discrimination claims against him individually. (Dkt. #5, p.3-4). Plaintiff filed a response to Defendants' Motion to Dismiss in conjunction with a motion to amend the complaint on September 27. (Dkt. #7,8). The proposed amended complaint was lodged on September 29, 2006. (Dkt. #9). Plaintiff's proposed amended complaint eliminates the discrimination claims under the ADA and ADEA against Defendant Uhe but maintains the claims against Defendant Michaels. The proposed amended complaint maintains the defamation claims against both Defendants, including the self-publication allegation. (Id. ¶ 20). Defendants do not oppose the amendments but Defendants maintain their opposition to the self-publication portion of the defamation claim pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt. #10, p.2).

## II. Standard of Review

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997). Accordingly, the court will not dismiss a complaint unless it appears beyond a doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In determining whether a complaint states a claim, all allegations of material fact are taken as true and are construed in the light most favorable to the nonmoving party. Wyler Summit Partnership v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998). As such, an inquiry into the adequacy of the evidence is improper when deciding whether to dismiss for failure to state a claim. Enesco Corp. v. Price/Costco Inc., 146 F.3d 1083, 1085 (9th Cir. 1998).

## III. Discussion

### A.   Discrimination Claims Against Defendant Uhe

Under Rule 15(a) of the Federal Rules in Civil Procedure, a plaintiff may rightfully amend an original complaint once before any responsive pleading is filed. St. Michael's Convalescent Hosp. v. State of Calif. 643 F. 2d 1369, 1374 (9th Cir. 1980). "Otherwise a party may amend the party's pleading only by leave of the court . . . and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Court considers four factors when determining whether a party will be permitted leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment and (4) prejudice to the opposing party. In re Circuit Breaker litigation, 175 F.R.D. 547, 550 (C.D. Cal. 1997)(citations omitted).

Defendant Uhe has moved to dismiss Plaintiff's discrimination claims against him because employees cannot be subject to individual liability under either the ADA or the ADEA. Plaintiff promptly sought to amend his complaint in which he asserts the ADA and ADEA claims against only the employer, Michaels. The proposed amended complaint was not unduly delayed, was not made in bad faith, was not futile, and will not cause prejudice to the opposing party. The amendment in fact clarifies and simplifies the issues. For these reasons, and since Defendants do not oppose Plaintiff's motion to amend his complaint (Dkt. #10, p.2), the Court grants Plaintiff leave to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff's employment discrimination claims against Defendant Uhe pursuant to the ADA or ADEA are no longer at issue.

### B.   Defamation claim Against Defendants (Self-Publication)

Defendants challenge the self-publication portion of Plaintiff's defamation claim. (Dkt.#9, ¶ 20).[1] Specifically, Defendants contend that Arizona law does not recognize such a claim.

---

[1] A court may exercise its discretion to consider a motion to dismiss the original complaint where the amended complaint fails to cure the defects of the original complaint. See Fitzgerald v. State of Arizona, et al., 1997 WL 579193 * 3 (D.Ariz. 1997). Notably, Plaintiff's self-publication allegations are asserted in both the original and amended complaints.

- 4 -

In opposition, Plaintiff contends that a defamation claim may be based upon defamatory statements to third parties by the Defendants as well as by self-publications of the Defendants' statement by the Plaintiff to third parties. In reviewing the law and the authority on self-publication in Arizona, the Court finds that Plaintiff's allegation in support of a defamation claim based upon self-publication fails to state a claim. "Defamation is the publication to a third party, of a false, defamatory statement of and concerning the plaintiff that is not privileged." Spratt v. Northern Auto. Corp., 9558 F.Supp. 456, 465 (D.Ariz. 1996)(rejecting a self-publication defamation claim because neither Arizona common law nor the Restatement (Second) of Torts recognizes such a claim). "One who communicates defamatory matter directly to the defamed person, who himself communicates it to a third person, has not published the matter to the third person." The Restatement (Second) of Torts §577. Arizona courts follow the Restatement in the absence of any other case or statutory authority on point. Cunningham v. Goettl Air Conditioning, Inc., 980 P.2d 489, 492 (Ariz. 1999); Espinoza v. Shulenberg, 129 P.3d 937 (Ariz. 2006); Ledvina v. Cerasani, 146 P.3d 70, 74 (Ariz.App.2006). Notably, the Parties agree that no Arizona court has issued an opinion recognizing the self-publication doctrine. (Dkt. #7, p.4); (Dkt. #5, p.2). Since there is no Arizona case on point, and the Restatement does not recognize a defamation claim based upon compelled self-publication to third parties, this Court also rejects the self-publication doctrine. This is consistent with the court's decision in Spratt in which the court followed the Restatement on a similar claim. Plaintiff's heavy reliance on the opinions of courts in other jurisdictions and a footnote in an unpublished Arizona district court case, Ashway v. Ferrellgas, Inc., 1989 WL 384851 * 5, n.12 (D.Ariz. 1989), is unpersuasive. Thus, the Plaintiff's defamation claim based upon compelled self-publication fails to state a cause of action for which relief can be granted[2].

**Accordingly,**

---

[2]This decision does not impact Plaintiff's defamation claim to the extent it is based upon the Defendants' alleged defamatory statements to third parties.

1    **IT IS HEREBY ORDERED** granting Plaintiff's motion for leave to amend his original
2    complaint. (Dkt. #8).

3    **IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss the self-
4    publication allegations of Plaintiff's defamation claim. (Dkt. #5).

5    **IT IS FURTHER ORDERED** directing the clerk to file Plaintiff's lodged amended
6    complaint. (Dkt.#9).

7    **IT IS FURTHER ORDERED** directing the clerk to strike paragraphs 20 and 37 of the
8    amended complaint to reflect the dismissal of these allegations in support of Plaintiff's
9    defamation claim.

10    DATED this 13th day of September, 2007.

_____
Mary H. Murguia
United States District Judge